IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-1263-NJR-DGW |
| | ) |
| THOMAS BURRELL, ALFONSO DAVID, KAREN SMOOT, JEFFERY DENNISON, HARRY ALLARD, DEDA MILLS, STEPHEN ENGLER, and SHERRY BENTON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 49), which recommends denying the Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff Charles Dent (Doc. 7). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation and denies Dent's motion for preliminary injunctive relief.

On November 21, 2016, Dent, an inmate housed at Shawnee Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging, among other things, that he was denied adequate dental care for an abscessed tooth and abscess-related complications (Doc. 1). As relevant to his pending motion for preliminary injunctive relief, Dent claims Defendant Thomas Burrell, a dentist, extracted an abscessed molar on August 15, 2016 (*Id.*). For several days after the extraction, Burrell experienced persistent aching and

throbbing (*Id.*). On August 19, 2016, Burrell noted that Dent had an ongoing infection around the extraction and prescribed Dent antibiotics and ibuprofen (*Id.*). On August 23, 2016, Dent examined the extraction site himself and claims he could still see swelling and tooth fragments or part of the broken tooth still in the socket (*Id.*). He went to the infirmary, where Burrell examined Dent and informed Dent he merely needed more time to heal (*Id.*). On August 27, 2016, Burrell again examined Dent's mouth, this time taking x-rays (*Id.*). On September 9, 2016, Burrell examined Dent yet again and told him that he still had an infection and that it would take time for the wound to heal. Burrell prescribed Dent more antibiotics and ibuprofen. (*Id.*).

Shortly after filing his Complaint, Dent filed a motion for temporary restraining order and preliminary injunction, asking the Court to order Defendants to provide proper dental care and to refer Dent to an oral surgeon (Doc. 7). Magistrate Judge Wilkerson held a hearing on Dent's motion for temporary restraining order and preliminary injunction on March 16, 2017. At the hearing, Dent testified he is still experiencing swelling, pain, and redness related to the extraction of his abscessed tooth, which he attributed to Burrell's failure to prescribe antibiotics during the August 15, 2016 extraction. Dent claims he is not being provided any treatment and takes Excedrin to address his pain. Dent also testified that Burrell showed him x-rays indicating the tooth was fully extracted.

Burrell also testified at the hearing, stating that Dent had no signs of infection at the time of the extraction. Burrell testified that he advised Dent it would take time to heal and that the entire tooth was extracted. Burrell further stated that he saw Dent on

September 10, 2016. At that time, the extraction site was less red and Dent was feeling better. He last saw Dent on November 1, 2016, for a biannual exam. According to Burrell, Dent had no complaints and has not requested to be seen by the dental staff since then.

On May 19, 2017, Magistrate Judge Wilkerson entered the Report and Recommendation currently before the Court (Doc. 49). Magistrate Judge Wilkerson first found that Dent did not demonstrate he will suffer imminent, irreparable harm absent injunctive relief. Magistrate Judge Wilkerson noted that Dent had no signs of infection during his last examination on November 1, 2016, he has not requested to be examined by dental personnel since that exam, and he has managed his pain by taking Excedrin. Magistrate Judge Wilkerson also found that Dent has not established a likelihood of success on the merits of his Eighth Amendment claim against Defendant Burrell at this time. Not only is it unclear whether Dent suffers from a serious medical condition based on Burrell's testimony, but the evidence also does not support a finding at this time that Burrell disregarded a substantial risk to Dent's health when he extracted Dent's tooth and performed a number of follow-up exams.

After seeking an extension of time, Dent filed a timely objection to the Report and Recommendation on June 27, 2017 (Doc. 62). Dent's objection focuses on the "unreasonable prospect" of further treatment and evaluation by Defendant Burrell in light of Dent's experiences with him, including the fact that Dent has now sued Defendant Burrell. Dent notes that in a non-prisoner setting, it would be "inexplicable for a party to seek treatment or evaluation from another party who has been sued, and is in a completely adversarial position with Plaintiff." As a result, Dent argues, his request

that he be evaluated by an outside oral surgeon is reasonable. Dent also contends that Defendants will not suffer any irreparable harm if the request for injunctive relief is granted; even if harm occurred, it would be outweighed by the harm suffered by Dent.

Defendants filed a response to Dent's objection on July 31, 2017 (Doc. 66), in which they argue that Dent has not made a clear showing he will suffer imminent, irreparable harm absent a referral to an oral surgeon or that the present litigation prevents Dent from receiving adequate medical services through the medical providers currently available to Dent at Shawnee. Defendants contend that Dent is not entitled to demand specific care, and he has routinely received treatment for oral hygiene diseases during his time at Shawnee. Although Dent has not had any dental treatment or consultation since November 2016, he did not complain of pain at that time, and he has not requested to be seen at dental since that time. Simply put, there is no indication that his condition requires oral surgery or that referral to an outside oral surgeon will lead to any alternative treatment than what Dent has received at Shawnee. Furthermore, there is no support for Dent's allegation that Dr. Burrell cannot provide adequate medical services in light of this lawsuit. Not only has Dent failed to cite to any legal precedent that entitles him to outside care simply because he has filed a lawsuit, but if Dent's position were upheld, any prisoner who has alleged any grievance against any prison staff would be entitled to outside care. Defendants also assert that this argument ignores the standards medical providers adhere to in the treatment of all prisoners.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b);

SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may then accept, reject, or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

The Court has carefully reviewed the evidence in the record, Magistrate Judge Wilkerson's Report and Recommendation, Dent's objection, and Defendants' response. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Dent has not met his initial burden of showing there will be imminent, irreparable harm absent the injunction. *See Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) ("To obtain a preliminary injunction, the moving party must demonstrate a reasonable likelihood of success on the merits, no adequate remedy at law, and irreparable harm absent the injunction."). As of November 1, 2016, there were no signs of infection, and Dent has not requested to be seen by the dental staff at Shawnee since that time. Furthermore, Dent testified at the hearing that Burrell showed him x-rays indicating the tooth was fully extracted.

The Court also agrees with Magistrate Judge Wilkerson that Dent has not demonstrated a reasonable likelihood of success on the merits on his Eighth Amendment deliberate indifference claim against Defendant Burrell at this time. The evidence in the

record indicates that Defendant Burrell extracted Dent's tooth on August 15, 2016, performed a number of follow-up exams, prescribed antibiotics and ibuprofen, and took x-rays to confirm no tooth fragments remained in the socket. The evidence at this juncture is insufficient to demonstrate that Defendant Burrell acted with deliberate indifference to a serious medical condition. *See Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005).

Moreover, although Dent claims it would be "inexplicable" for a non-prisoner plaintiff to seek treatment or evaluation from someone they are suing, he has pointed to no authority indicating that the lack of choice in healthcare options, particularly in the prison setting, can serve as the basis for granting a preliminary injunction. As noted by Magistrate Judge Wilkerson, the Eighth Amendment does not require that prisoners receive "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care").

For these reasons, Plaintiff Charles Dent's Objection (Doc. 62) is **OVERRULED**. Magistrate Judge Wilkerson's Report and Recommendation (Doc. 49) is **ADOPTED** in its entirety, and Plaintiff Charles Dent's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 21, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**