IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DENT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:16-CV-1263-NJR-DGW ) |
| THOMAS BURRELL, ALFONSO DAVID, KAREN SMOOT, JEFFERY DENNISON, HARRY ALLARD, DEDA MILLIS, STEPHEN ENGLER, and SHERRY BENTON, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 133), which recommends denying the Second Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff Charles Dent (Doc. 127). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation and denies Dent's motion.

## BACKGROUND

This lawsuit stems from Dent's allegations of inadequate dental care at Shawnee Correctional Center (Doc. 1). This is Dent's second motion for temporary restraining order and preliminary injunction. In his first motion, filed in November 2016, Dent asked the Court to order Defendants to provide proper dental care and to refer Dent to an oral surgeon (Doc. 7). After holding an evidentiary hearing, Magistrate Judge Wilkerson recommended that Dent's first motion be denied because there was no evidence Dent would suffer imminent, irreparable harm absent injunctive relief, and Dent had not established a likelihood of success on the merits of his Eighth Amendment claim against Dr. Thomas

Burrell, the dentist at Shawnee. The undersigned District Judge adopted Magistrate Judge Wilkerson's Report and Recommendation and denied Dent's first motion for injunctive relief (Doc. 71). Dent filed a motion to reconsider that Order (Doc. 85), which also was denied (Doc. 124).[1]

Less than a week after this Court denied Dent's motion to reconsider, he filed this Second Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 127). Dent states that there recently have been "significant developments" in that other inmates have been hurt by Dr. Burrell, who "cannot properly function, based on his physical and mental disabilities."[2] (*Id.*, p. 4, 6). He claims, with no supporting evidence, that these other inmates had to be rushed to an offsite oral surgeon due to severe infections, broken teeth left in their gums, and fractured and broken jaws (*Id.*).

Dent also says he saw Dr. Burrell on March 5, 2018, because he has been suffering severe pain, sensitivity, and burning sensations, which make eating difficult. Dent avers the pain is not the same as an abscessed tooth, which is evidence the infection is in his gums and cannot be detected through an x-ray. Rather, Dent believes he has a condition called actinomycosis (*Id.*, p. 7). He claims he needs a culture done by a specialist, because Dr. Burrell has neither the proper equipment nor the competence to do it.

According to Dent, on March 5, 2018, Dr. Burrell examined him by holding a light on his teeth and doing a percussion test. Dr. Burrell concluded there were no issues with Dent's teeth, which Dent finds incredible based on his dental history (*Id.*, pp. 7-8). Dr. Burrell also attempted to take an x-ray of Dent's right mandible, but apparently the film did not develop. Dr. Burrell rescheduled Dent to return several days later for a new x-ray, prescribed

---

[1] Dent's current motion states that he never received a ruling on his motion to reconsider; however, the Court's records reflect that the Order denying his motion to reconsider was mailed to Dent at Shawnee.
[2] Dent later explains that Dr. Burrell has a leg injury that requires him to walk with a cane, but he does not clarify how this injury has any impact on Dr. Burrell's ability to perform as a dentist.

30 Amoxicillin and 30 ibuprofen, and gave Dent a slow-eating permit due to his trouble chewing (*Id.*, pp. 11-12). Dent claims the course of medication was ineffective (*Id.*, p. 12). After the x-rays were taken, Dr. Burrell showed Dent the films and informed him there was "nothing there." (*Id.*). According to Dent, this is because actinomycosis can only be detected through a special culture and an examination by an oral surgeon (*Id.*, p. 13). Given these new developments, along with the fact that he has suffered from pain for almost two years, Dent believes he will suffer irreparable harm if a preliminary injunction is not issued.[3]

In response, Defendants argue that Dr. Burrell, a licensed dentist with more than 30 years of experience, used appropriate medical judgment in determining that referral to an offsite oral surgeon is not medically necessary. Defendants assert that Dr. Burrell saw signs of a gum infection when he examined Dent on March 5, 2018, so he prescribed Dent antibiotics and pain medication (*Id.*). Defendants argue that while Dent alleges other inmates have complained about Dr. Burrell, those allegations are unverified and inadmissible (*Id.*). Likewise, Dent is not a dental or medical professional, so his self-diagnosis of actinomycosis cannot support his deliberate indifference claim (*Id.*). Defendants also note that Dent did not visit Dr. Burrell between November 1, 2016, and March 5, 2018, nor has he followed Dr. Burrell's recommendations to obtain teeth cleanings from a hygienist to help treat his ongoing periodontal disease (*Id.*). Thus, Defendants argue, there is no factual support for Dent's allegations that any new developments have occurred that justify his demands for injunctive relief.

### THE REPORT AND RECOMMENDATION

In his Report and Recommendation, Magistrate Judge Wilkerson agreed with

---

[3] Dent also accuses Dr. Burrell of altering his dental records and lying to the Court when he said he did not diagnose Dent with an abscess on July 11, 2016 (*Id.*, p. 8). However, Dent provided no evidence of any alteration or perjury.

Defendants and concluded that nothing in Dent's second motion for preliminary injunction changes the Court's finding that he does not have a reasonable likelihood of success on the merits of this case. Furthermore, Dent has not shown he will suffer irreparable harm when Dr. Burrell prescribed antibiotics and pain medication at the March 5, 2018 exam. Prior to this exam, Dent had not sought dental treatment since November 1, 2016. And while Dent believes he has actinomycosis, he has presented no evidence to support this self-diagnosis. Therefore, Magistrate Judge Wilkerson recommended that Dent's motion be denied.

In Dent's objection to the Report and Recommendation, he agrees that Dr. Burrell is trying to treat his pain and infections, but argues the proper test to diagnose him cannot be performed on site at Shawnee (Doc. 137). Dent takes issue with the Court's disregard for his attempt to learn about his gum disease and states that he brings the information to the Court for the undersigned to research and examine herself (*Id.*). Dent believes it defies logic that a dentist would think an x-ray would show a deep tissue infection (*Id.*). He also asserts that he has had gum disease, abscesses, infections, and extractions for over 25 years, meaning he has the experience to know there is something seriously wrong (*Id.*). Dent again refers to the numerous other inmates "almost dying" from infections after being treated by Dr. Burrell and asks how his medical judgment cannot be in question (*Id.*). Finally, Dent objects to Magistrate Judge Wilkerson's conclusions that he has no reasonable likelihood of success on the merits of his claim and that he has not shown irreparable harm. Dent asserts that he has been in constant pain for almost two years, which constitutes irreparable harm, and that he cannot present evidence of his actinomycosis because the Court has refused to consider his data and he has no counsel or expert to help him.

Defendants filed a response to Dent's objection on June 8, 2018 (Doc. 139).[4] Dent filed a reply on June 18, 2018 (Doc. 144), in which he asks the Court to hold a "fair evidentiary hearing with appointment of counsel consistent with the precedent from the Seventh Circuit Court of Appeals."

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may then accept, reject, or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

After reviewing and considering the evidence in the record, the Court agrees with Magistrate Judge Wilkerson that, again, Dent has not met the requirements for a preliminary injunction. Dent still has not demonstrated a reasonable likelihood of success on the merits on his Eighth Amendment deliberate indifference claim against Dr. Burrell, particularly when Dent has admitted that Dr. Burrell is trying to treat his pain and infections. The only new evidence is that Dr. Burrell examined Dent on March 5, 2018, and concluded Dent had an infection. Accordingly, he prescribed Dent an antibiotic and a pain reliever, and he gave Dent a slow-eating permit to allow him sufficient time to chew. As with Dent's first motion, the evidence currently before the Court is insufficient to demonstrate that Dr. Burrell acted

---

[4] Defendants Harry Allard, Sherry Benton, Jeffery Dennison, Stephen Engler filed a motion to join in Defendant Burrell and Alfonso David's response to Dent's objection. The motion (Doc. 142) is **GRANTED**.

with deliberate indifference to a serious medical condition. *See Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) ("To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.").

As for irreparable harm, the Court certainly agrees that *untreated* pain can constitute irreparable harm. *See Bentz v. Ghosh*, 718 F. App'x 413, 420 (7th Cir. 2017). Here, however, Dent admits he did not go to see Dr. Burrell until March 5, 2018, after months of "self-medicating himself." When Dent finally saw Dr. Burrell, he prescribed a pain reliever. Dent claims the medicine was ineffective, but there is no evidence Dent informed Dr. Burrell he was still having issues with pain. Thus, Dent has not shown he is suffering from irreparable harm.

Dent further argues he cannot present evidence of his actinomycosis because the Court has refused to consider his "data," and he has no counsel or expert to help him. In fact, Dent implies that he has been disadvantaged throughout the briefing on this issue because he does not have counsel. The Court notes, however, that Dent previously was appointed counsel from one of the most prestigious law firms in the St. Louis metropolitan area (Doc. 50). Dent then moved to proceed *pro se* and allow appointed counsel to withdraw because he felt counsel did not understand the law as it pertains to exhaustion of administrative remedies (Doc. 81). The Court granted his motion and declined to appoint other counsel to represent him (Doc. 88). On March 5, 2018, Dent filed another motion to appoint counsel now that the issue of exhaustion has been resolved, arguing it is not his fault that his prior counsel did not understand exhaustion (Doc. 108). He asserts he now needs an attorney to try the merits of his case (*Id.*).

The Court is hesitant to appoint Dent new counsel when he previously moved to proceed *pro se*. Nevertheless, the Court finds that appointing an attorney for Dent would be

beneficial to all involved. Dent has raised complicated evidentiary issues involving hearsay and the admissibility of expert testimony that an attorney could help him understand. To that end, the Court will recruit new counsel for Dent. Dent is warned, however, that he will proceed *pro se* and no new attorney will be appointed if he files another motion to withdraw his counsel's representation.

## CONCLUSION

For the reasons, Plaintiff Charles Dent's Objection (Doc. 137) is **OVERRULED**. The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 133) and **DENIES** Dent's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 127). Dent's Motion to Appoint Counsel (Doc. 108) is **GRANTED**. Magistrate Judge Wilkerson is **DIRECTED** to recruit counsel for Dent.

**IT IS SO ORDERED.**

DATED: **July 27, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**